

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIDGETTE NUNEZ-FIGUEROA**
Phone: (212) 356-1643
Fax: (212) 356-3509
bnunez@law.nyc.gov

September 10, 2020

**VIA ECF**
Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Defendants' time to answer or otherwise respond to the Complaint is extended to October 14, 2020.  The conference currently scheduled for October 15, 2020 is adjourned to November 12, 2020 at 10:30 a.m.

SO ORDERED.

*/s/ Paul G. Gardephe*

Paul G. Gardephe
United States District Judge
September 11, 2020

Re:    Aliyma Muhammad-Cadeus v. New
       20 Civ. 4251 (PGG)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of above-referenced action on behalf of defendant City of New York.  The undersigned writes to respectfully request a 30-day stay of the instant matter, *sine die*, pending the outcome of an investigation by the Special Investigations Division of the Human Resources Administration ("HRA") into the underlying alleged incident. This is defendant City's first request.  Plaintiff's counsel, Malcolm Anderson, Esq., does not consent to the requested stay.

      By way of background, plaintiff filed the Complaint on June 3, 2020, alleging, *inter alia*, that her constitutional rights were violated on June 4, 2019 when she was falsely arrested by HRA peace officers, and directed to the hospital by unidentified NYPD police officers.  (ECF No. 1).   On June 25, 2020, defendant City was served with the Complaint.  On July 20, 2020, the Court granted the parties' request and designated this case as part of the § 1983 plan. (ECF No. 9).  HRA Peace Officer Wanda Powell was subsequently served with the Complaint on August 5, 2020.  Because this case is participating in local civil rule 83.10 plan, defendant City and Powell's time to answer or otherwise respond to the Complaint is set at September 14, 2020.

      Defendant City now seeks a 30-day stay of the instant matter, which is necessary for several reasons.  Pursuant to defendant City's obligation under Fed. R. Civ. P. 11, the undersigned began investigating the allegations in the Complaint in order to properly respond to the Complaint.  On September 3, 2020, the undersigned was informed that an investigation by

HRA's Special Investigation Division ("SID") in relation to the alleged June 4, 2019 incident is currently pending. While the investigation is expected to conclude within 30 days, HRA will be unable to provide this Office with certain documents pertaining to the alleged incident until the investigation is complete. Further, this Office will be unable to make a decision as to representation of Peace Officer Wanda Powell until the SID investigation has concluded and a disposition has been rendered. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (finding that a potential conflict would exist that could prevent Corporation Counsel from representing both the City and an individual defendant if the City finds that the individual defendant is guilty of misconduct).

Moreover, in the event that any charges are ever brought against the individual officer or any other officer involved in the alleged incident, any testimony provided by the officers in the instant civil case could potentially impact a criminal or departmental trial. Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case").

Additionally, information and documents generated by HRA in connection with this investigation will be unavailable to the parties during the pendency of the investigation as they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. City of New York, et al., 2000 U.S. Dist. LEXIS 4448, *5-6 (S.D.N.Y. Apr. 7, 2000), (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)).

Finally, the undersigned submits that plaintiff will not be prejudiced in the event that the Court grants this request for a stay since the documents relevant to the case will have been obtained and should be preserved by HRA during their investigation. See, e.g., Rosenthal v. Giuliani, 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("a stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties").

Based on the foregoing, the undersigned respectfully requests a 30-day stay of the instant matter, and respectfully requests that all pending deadlines in this case be stayed, *sine die*, pending the conclusion of HRA SID's investigation relating to the underlying incident.

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Bridgette Nunez-Figueroa
*Assistant Corporation Counsel*

- 3 -

cc: **<u>VIA ECF</u>**
Malcolm Anderson, Esq.
Duncan Peterson, Esq.