UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALIYMA MUHAMMAD-CADEUS,

                           PLAINTIFF,           **AMENDED COMPLAINT**

             -AGAINST-                         20-CV-4251

NEW YORK CITY, HRA OFFICER WANDA POWELL,
and HRA OFFICER JANE DOE, individually, and in their
capacity as members of the New York City Human
Resources Administration Police Department, and POLICE
OFFICER SHARIF MAKY, individually, and in his
capacity as a member of the New York City Police
Department,

                           DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff seek relief for the violation of her rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 4, 2019, in which officers of the New York City Human Resources Administration Police Department and the New York City Police Department acting under color of state law, intentionally and willfully subjected Plaintiff to *inter alia* false arrest, excessive force, and denial of due process.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Ms. Aliyma Muhammad-Cadeus ("Ms. Muhammad-Cadeus ") is a United States citizen and at all times here relevant resided at 189 East 34th Street, Brooklyn.

7. New York City is a municipal corporation organized under the laws of the State of New York, which runs and operates the New York City Human Resources Administration ("HRA").

8. HRA Officer Wanda Powell ("Officer Powell") and HRA Officer Jane Doe at all times here relevant were members of the HRA Police Department, and are sued in their individual and professional capacity.

9. Police Officer Sharif Maky ("PO Maky") at all times here relevant was a member of the New York City Police Department is sued in his individual and professional capacity.

10. At all times mentioned, Defendants was acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Ms. Muhammad-Cadeus is a mother of two children and lives in Brooklyn.

12. On or about June 4, 2019, Ms. Muhammad-Cadeus went to the HRA office located at 151 West Broadway, New York, NY 10013.

13. Ms. Muhammad-Cadeus needed to obtain documents from the Child Support Office relating to child support payments.

14. When Ms. Muhammad-Cadeus arrived at the HRA location she was asked for identification.

15. Ms. Muhammad-Cadeus provided a New York State Benefits card.

16. Officer Powell refused entry to Ms. Muhammad-Cadeus.

17. Ms. Muhammad-Cadeus then found her New York City Identification Card and provided it to Officer Powell.

18. Officer Powell continued to refuse entry to Ms. Muhammad-Cadeus and told Ms. Muhammad-Cadeus that she had to return the next day.

19. Ms. Muhammad-Cadeus explained to Officer Powell that she needed to obtain documents from the HRA for a court appointment scheduled for the next day.

20. Officer Powell continued to refuse Ms. Muhammad-Cadeus entry.

21. Ms. Muhammad-Cadeus called 911 for assistance.

22. Ms. Muhammad-Cadeus also called HRA to try to obtain the documents electronically, but was informed that she could only obtain the documents in person.

23. Ms. Muhammad-Cadeus then tried to get the attention of staff inside the HRA office, at which time Officer Powell and HRA Officer Jane Doe grabbed Ms. Muhammad-Cadeus by her arms and handcuffed her behind her back.

24. The handcuffs were extremely tight and caused Ms. Muhammad-Cadeus pain in her hands and wrists.

25. Ms. Muhammad-Cadeus asked Officer Powell to loosen the handcuffs on multiple occasions, but Officer Powell refused to do so.

26. Ms. Muhammad-Cadeus was taken to and held in a room at the HRA location.

27. Ms. Muhammad-Cadeus requested to use the bathroom, but Officer Powell refused to allow her to do so.

28. PO Maky and a female police officer then arrived.

29. Ms. Muhammad-Cadeus again requested permission to use the bathroom, but was denied by Officer Powell and PO Maky.

30. Ms. Muhammad-Cadeus made several more requests to use the bathroom, but was denied on each occasion by Officer Powell and PO Maky.

31. As a result, Ms. Muhammad-Cadeus was forced to urinate in a bucket in the room in front of Officer Powell and PO Maky.

32. Ms. Muhammad-Cadeus felt humiliated.

33. Eventually the handcuffs were removed from Ms. Muhammad-Cadeus.

34. PO Maky told Ms. Muhammad-Cadeus that she had to go to the hospital.

35. Ms. Muhammad-Cadeus informed PO Maky that she did not need to go to the hospital and asked if she was under arrest. PO Maky told Ms. Muhammad-Cadeus that she was not under arrest.

36. As Ms. Muhammad-Cadeus went to leave the building, PO Maky grabbed Ms. Muhammad-Cadeus, twisted her wrist, pushed her to the ground, and jumped on top of her. Several other police officers assisted PO Maky.

37. As a result, Ms. Muhammad-Cadeus suffered injuries to her hands, wrists, arms, knees and legs.

38. PO Maky handcuffed Ms. Muhammad-Cadeus behind her back again.

39. Ms. Muhammad-Cadeus was put in an ambulance.

40. Ms. Muhammad-Cadeus is diabetic, therefore, the EMT took her blood-sugar level and gave Ms. Muhammad-Cadeus a cup of orange juice and a sandwich.

41. Ms. Muhammad-Cadeus was taken to hospital and treated for the pain to her knees, hands, and wrists, as well as the emotional injuries this incident caused her.

42. Ms. Muhammad-Cadeus was given three summons by Officer Powell.

43. Upon information and belief, Ms. Muhammad-Cadeus had to attend court on numerous occasions before the summonses were all dismissed.

44. Plaintiff suffered following the incident and felt physical pain, fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

47. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

48. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

49. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

51. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

52. Defendants unreasonably and unjustifiably confined Plaintiff.

53. Plaintiff was aware of, and did not consent to, her confinement.

54. The confinement was not privileged.

55. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Denial of Due Process)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

58. Defendants have deprived Plaintiff of her right to due process, pursuant to the Fourteenth Amendments to the United States Constitution, in that Defendants denied Plaintiff access to a bathroom while Plaintiff was being held as a pre-trial detainee.

59. Defendants were deliberately indifferent by ignoring Plaintiff's repeated requests to use the bathroom.

60. Plaintiff's need to use the bathroom was serious and obvious and Defendants had reason to know that Plaintiff's condition was serious.

61. Defendants failed to promptly and reasonably provide Plaintiff with access to a bathroom.

62. Defendants' failure to promptly and reasonably provide Plaintiff with access to a bathroom was not reasonably related to a legitimate governmental objective.

63. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(Deprivation of Privacy)

64. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived Plaintiff of her civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

66. Defendants have deprived Plaintiff of her right to privacy, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants forced Plaintiff to have to urinate in a bucket in their presence.

67. Defendants' actions violated Plaintiff's right to privacy in her partially unclothed body.

68. Defendants' actions was not reasonably related to a legitimate governmental objective.

69. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

70. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

71. Defendants' conduct towards Plaintiff in denying her access to a bathroom and forcing her to urinate in a bucket was extreme and outrageous.

72. Defendants intended to cause Plaintiff severe emotional distress, or were reckless as to the substantial probability of their conduct causing severe emotional distress to Plaintiff.

73. Defendants' conduct caused Plaintiff severe emotional distress.

74. Plaintiff has been damaged as a result of Defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

### SIXTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

75. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

76. Defendants' conduct towards Plaintiff in denying her access to a bathroom and forcing her to urinate in a bucket was negligent, unreasonable, and so extreme in degree and outrageous in character as to go beyond all possible bounds of decency.

77. Defendants' conduct caused Plaintiff severe emotional distress.

78. Defendants knew, or should have known, that such distress was substantially certain to occur as a result of their negligent conduct.

79. Defendants' conduct threatened Plaintiff with physical harm.

80. Plaintiff has been damaged as a result of Defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

### JURY DEMAND

81. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

>In favor of Plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each of Plaintiff's causes of action;
>
>Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
>Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements of this action;
>
>And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
         December 8, 2020         By:
                                  _____/s/_____
                                  Malcolm Anderson
                                  PetersonDelleCave LLP
                                  Attorney for Plaintiff
                                  233 Broadway, Suite 1800
                                  New York, NY 10279
                                  (212) 240-9075